IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| MARIA DE JESUS DENIZ MURILLO, | ) | |
| | ) | No. 78318-1-I |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RAMIRO BENICIO-ZEPEDA, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 16, 2019 |
| | ) | |

PER CURIAM — In linked appeals,[1] Maria De Jesus Deniz Murillo challenges the dismissal without prejudice of her petitions for civil sexual assault protection orders against two workplace supervisors. The superior court dismissed the petitions, concluding they were "trumped" by the charges filed in parallel criminal proceedings but could be refiled "upon the resolution of the criminal matters." This court directed appellant to file a supplemental brief addressing appealability and mootness.

In her supplemental briefs, appellant concedes that the criminal proceedings have resolved and that these appeals are now moot. She argues, however, that the appeals present issues of public interest that satisfy the criteria for review of moot issues. She correctly notes that, in similar circumstances, this court recently applied the factors identified in King v. Olympic Pipeline, 104 Wn. App. 338, 16 P.3d 45 (2000) and concluded that "a court could reasonably

---

[1] This appeal is linked with Murillo v. Antonio, No. 78317-3-I.

decide that the . . . factors heavily weigh in favor of proceeding with [a civil domestic violence protection order] matter before resolution of [the parallel] criminal case." Smith v. Smith, 1 Wn. App. 2d 122, 141, 404 P.3d 101 (2017). In so holding, we noted that "[d]enying a full protection order because of the defendant's pending parallel criminal proceedings neither honors the purpose of the [domestic violence protection order] nor serves the public interest of ensuring victims of domestic violence have access to an expedited process for receiving a protection order." Smith v. Smith, 1 Wn. App. 2d at 140-41. Smith strongly suggests that the superior court's dismissal of the petitions due to the parallel criminal proceedings without considering the Olympic Pipeline factors was error. Nevertheless, because respondents have not filed briefs on appeal, we decline to consider review under the criteria for moot appeals.

This appeal is dismissed as moot.

FOR THE COURT:

_____

_____

_____